# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 11-156V
### Filed: March 7, 2013

* * * * * * * * * * * * * * * * * * * * * * * * * *
```
ROBERT V. DAVIS and                    *
AMY M. PHILLIPS-DAVIS,                  *
Parents and Legal Representatives of   *
AIDAN L. DAVIS, a Minor Child,         *          Interim Attorney
                                       *          Fees and Costs.
                Petitioners,           *
        v.                             *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
                Respondent.            *
```
* * * * * * * * * * * * * * * * * * * * * * * * * *

Thomas P. Gallagher, Esq., Gallagher & Gallagher, Somers Point, NJ for petitioners.
Lisa A. Watts, Esq., US Dept. of Justice, Washington, DC, for respondent.

## DECISION on INTERIM ATTORNEY FEES and COSTS[1]

**Vowell**, Special Master:

On March 14, 2011, Robert Davis and Amy Davis ["petitioners"] filed a pro se petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"], on behalf of their minor son, Aidan Davis. On May 6, 2011, attorney Thomas Gallagher entered an appearance as petitioners' counsel of record.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On February 5, 2013, Mr. Gallagher moved to withdraw as attorney of record. On February 6, 2013, I issued an order deferring a ruling on Mr. Gallagher's motion to withdraw to allow him the opportunity to file a motion for interim attorney fees and costs. Mr. Gallagher filed a motion for interim fees and costs ["Interim Application"] on February 12, 2013, requesting a total of $15,217.75 in attorney fees and costs.[3]

On February 12, 2013, respondent filed her opposition to petitioners' Interim Application ["Opposition"]. Respondent maintains that the express language of § 15(e)(1) does not confer Special Masters with the authority to award interim attorney fees and costs. Opposition at 2. She adds that "petitioners failed to present any reason for this Court to award interim fees and costs under any of the *Avera* factors (e.g., protracted proceedings, costly experts, or undue hardship)." *Id.* (referencing *Avera v. Sec'y, HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008)). In closing, however, respondent states that if the special master decides to award interim fees and costs, respondent does not find the amount requested "*per se* unreasonable for proceedings on the petition to date." Opposition at 5.

I find that petitioners are entitled to an award of interim attorney fees and costs under the facts and circumstances of this case. A review of the materials offered in support of the application for interim attorney fees and costs indicates that the requested amount is reasonable. **Accordingly, I hereby award the total of $15,217.75[4] as follows:**

- **a lump sum of $14,967.75 in the form of a check payable jointly to petitioners, Robert and Amy Davis, and petitioners' attorney of record, Thomas Gallagher, for interim attorney fees and costs; and**

- **a lump sum of $250.00 in the form of a check payable to petitioners, Robert and Amy Davis, for their personal litigation costs.[5]**

---

[3] Specifically, Mr. Gallagher requests $13,956.25 in fees and $1,011.50 in attorney costs. Additionally, he requests $250.00 on behalf of petitioners for their personal litigation costs.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Petitioners did not file a statement comporting with General Order 9. As indicated, however, a separate check will be sent to petitioners alone for those litigation costs incurred by petitioners as indicated by Mr. Gallagher in his Interim Application.

In the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Special Master

---

[6] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).